UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ERIN DALEY,

                Plaintiff,

-against-

AMTRAK; NEW YORK CENTRAL LINES, LLC; and CSX TRANSPORATION, INC.,

                Defendants.

**ORDER**

24-CV-07378 (PMH)

PHILIP M. HALPERN, United States District Judge:

On September 30, 2024, Defendant CSX Transportation, Inc., ("CSX") filed a Notice of Removal, removing this action from the Supreme Court of the State of New York, County of Dutchess, to this Court. (Doc. 1, "Not. of Removal"). For the reasons set forth below, this matter is REMANDED to the Supreme Court of the State of New York, County of Dutchess.

**BACKGROUND**

On September 30, 2024, CSX filed a Notice of Removal, which attached copies of the following documents: (1) Complaint (Not. of Removal, Ex. A "Compl."); (2) Registered Mail Receipt as to service of the Complaint (*id.*, Ex. B); (3) State Court docket for this action (*id.*, Ex. C); (4) August 27, 2004 Securities and Exchange Commission Form 8-K for CSX (*id.*, Ex. D); and (5) Notice of Filing of Notice of Removal (*id.*, Ex. E). CSX asserts that this Court has subject matter jurisdiction over this dispute because (1) complete diversity exists between the parties (*id.* ¶ 20); and (2) the amount in controversy exceeds $75,000, exclusive of interests and costs, because "Plaintiff seeks damages in excess of the jurisdictional limits of all lower courts in the State of New York and has specifically alleged that she was rendered sick, sore, lame, disabled due to the

multiple traumatic injuries suffered, whose effects Plaintiff believes are permanent, disabling, and debilitating" (*id.* ¶ 21).[1]

## ANALYSIS

Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . ." 28 U.S.C. § 1441(a). "The [federal] district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States." 28 U.S.C. § 1332(a). "The Supreme Court has held that the party asserting diversity jurisdiction in federal court has the burden of establishing the existence of the jurisdictional amount in controversy." *Villafana v. So*, No. 13-CV-00180, 2013 WL 2367792, at *1 (S.D.N.Y. May 29, 2013) (quoting *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 273 (2d Cir. 1994)). While defendants need not "prove the amount in controversy to an absolute certainty," they have "the burden of proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount." *Id.* (quoting *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000)). "[I]f the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendants' notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state

---

[1] On September 30, 2024, CSX filed an Answer (Doc. 9) and attached a stipulation, executed by counsel for Plaintiff and for Defendant Amtrak, stating that Amtrak owned and controlled the area where Plaintiff alleges she was injured. (Doc. 9-1). CSX also attached an email communication wherein it requests that Plaintiff dismiss it from the action. (Doc. 9-2). There is no indication on the docket that Plaintiff has withdrawn its claims against CSX.

court." *Id*. (quoting *Lupo*, 28 F.3d at 273-74).[2] Federal courts are instructed to "construe the removal statute narrowly, resolving any doubts against removability." *Lupo*, 28 F.3d at 274 (quoting *Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1046 (2d Cir. 1991)).

Plaintiff's Complaint alleges that she was injured as a result of Defendants' negligence when she slipped on ice on a stairway in the parking lot of the Rhinecliff AMTRAK station. (Compl. ¶¶ 21-25). A plaintiff's complaint, in an action to recover damages for personal injuries in New York, "shall contain a prayer for general relief but shall not state the amount of damages to which the pleader deems [herself] entitled." C.P.L.R. § 3017(c). Accordingly, the Complaint does not state a specific sum of money sought from Defendants and asserts only that Plaintiff's damages "exceed[] the jurisdictional limits of all lower courts which would otherwise have jurisdiction." (Compl. ¶ 28). If removal of a civil suit from state court to federal court is premised on 28 U.S.C. § 1332(a) and "[s]tate practice . . . does not permit demand for a specific sum," removal is proper only "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]." 28. U.S.C. § 1446(c)(2).

CSX, with respect to the amount in controversy, asserts that Plaintiff's alleged damages "can fairly be read to exceed the $75,000.00 amount in controversy requirement" because Plaintiff "seeks damages in excess of the jurisdictional limits of all lower courts in the State of New York" and "specifically alleged that she was rendered sick, sore, lame, disabled due to the multiple traumatic injuries suffered, whose effects Plaintiff believes are permanent, disabling, and debilitating." (Not. of Removal ¶¶ 21-22). CSX fails to meet its burden to show that the $75,000 jurisdictional amount required for diversity jurisdiction has been satisfied.

---

[2] Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Nguyen v. FXCM Inc.*, 364 F. Supp. 3d 227, 237 (S.D.N.Y. 2019) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)).

"[N]either the Complaint nor the Notice of Removal 'contains sufficient information specifying the nature and extent of Plaintiff's injuries that would permit this Court to draw a reasonable inference that the amount-in-controversy requirement has been satisfied.'" *Muniz v. CVS Albany, L.L.C.*, No. 21-CV-08179, 2021 WL 4596539, at *2 (S.D.N.Y. Oct. 6, 2021) (quoting *Brown v. NutriBullet, LLC*, No. 19-CV-05421, 2019 WL 5287960, at *2 (E.D.N.Y. Oct. 18, 2019)). CSX has not furnished any written indication of the amount in controversy. (*See generally* Not. of Removal). This Court, although not required to do so, has also undertaken to review the electronic docket in the state court proceeding. That docket is devoid of any written indication of the amount in controversy. (*See* Index No. 2024-53661, NYSCEF Doc. Nos. 1-8).

Thus, as federal courts are instructed to "construe the removal statute narrowly, resolving any doubts against removability," *Lupo*, 28 F.3d at 274 (quoting *Somlyo*, 932 F.2d at 1046), CSX's conclusory allegation that the amount in controversy can fairly be read to exceed $75,000 is insufficient for the Court to determine by a preponderance of the evidence that the jurisdictional threshold of 28 U.S.C. § 1332(a) has been met. *See Torres v. Merriman*, No. 20-CV-03034, 2020 WL 1910494, at *2 (S.D.N.Y. Apr. 17, 2020) ("[A] mere conclusory statement that the amount in controversy exceeds $75,000 is insufficient for the Court to determine by a preponderance of the evidence that the jurisdiction threshold of 28 U.S.C. § 1332(a) has been met.").[3]

---

[3] Separately, the Court notes that pursuant to 28 U.S.C. § 1446(b), "all defendants who have been properly joined and served must join in or consent to removal of the action." 28 U.S.C. § 1446(b)(2)(A). If fewer than all defendants sign the notice of removal, the strict unanimity rule permits removal only if "all defendants consent to removal within the statutory thirty-day period." *Metro. Transp. Auth. v. U.S. Fid. & Guar. Co.*, No. 14-CV-09059, 2015 WL 1730067, at *3 (S.D.N.Y. Apr. 14, 2015). In the Second Circuit, each of the non-removing defendants must independently express their consent to removal. *Pietrangelo v. Alvas Corp.*, 686 F.3d 62, 66 (2d Cir. 2012). This requirement has been interpreted to require the submission by each defendant of "written consent unambiguously agreeing to removal." *Payne v. Overhead Door Corp.*, 172 F. Supp. 2d 475, 477 (S.D.N.Y. 2001). Should any defendant fail to provide its consent within the thirty-day period, remand is warranted as such failure "constitutes a fatal procedural defect in the removal procedure." *Bedminster Fin. Grp., Ltd. v. Umami Sustainable Seafood, Inc.*, No. 12-CV-05557, 2013 WL 1234958, at *6 (S.D.N.Y. Mar. 26, 2013) (quoting *In re Vill. of Kiryas Joel N.Y.*, 11-CV-08494, 2012 WL 1059395, at *3 (S.D.N.Y. Mar. 29, 2012)). CSX, in the Notice of Removal, alleges that Defendant

**CONCLUSION**

Based upon the foregoing, the Court concludes that CSX failed to satisfy its burden of establishing that the amount in controversy exceeds $75,000. Removal is therefore improper. Accordingly, this action is REMANDED to the Supreme Court of the State of New York, County of Dutchess. The Clerk of the Court is respectfully directed to send a copy of this Order to the Supreme Court of the State of New York, County of Dutchess, and to close this action. All pending matters are hereby terminated.

Dated: White Plains, New York
       October 28, 2024

SO ORDERED:

_____
Philip M. Halpern
United States District Judge

---

Amtrak is the only other properly named defendant, and that it consents to removal. (Not. of Removal ¶ 24). To date, however, Amtrak has not appeared in this removed action, nor has it provided to the Court its written consent unambiguously agreeing to removal. It is well established in this Circuit that it is not sufficient for a non-removing defendant "to merely advise the removing defendant that it consents to removal and that the removing defendant may represent such consent to the Court on its behalf." *Bedminster Fin. Grp., Ltd.*, 2013 WL 1234958, at *6.